JohNSow, C. J. The error complained of is, that the circuit court, disallowed the defence set up by the appellants, and gave judgment .in favor of the appellees. The statute provides that any person bound as security for another in any bond, bill or note for the payment of money, or the delivery pf property, may at any time after action hath accrued thereon by notice in writing, require the person having such right of action forthwith to commence suit against the principal debtor and other party liable, and that if such suit be not .commenced within thirty days after the service of such notice, and proceeded in with due diligence in the ordinary course oí law to judgment and execution, such security shall be exonerated from liability to the person notified. The testimony is that the service was made upon the clerk of the trustees, and that he informed John Drennen, one of the trustees, that he had received the notice. It certainly cannot be contended that a service upon the clerk could operate as a notice to the appellees. The clerk cannot be said to have the right of action. It does not appear that Drennen was served with the notice in accordance with the statute, as he was only informed by the clerk that he himself had received such notice. The record does not inform us how far the clerk was authorized to waive or control the rights of the trustees, and we are not at liberty to take judicial notice .of any such power. We are clear that no notice has been served upon the trustees, and that therefore the .judgment of the circuit court ought to be affirmed. Judgment affirmed.